IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL L. JOHNSON,

      Petitioner,

v.                                          CIV 10-0745 JH/KBM

TIMOTHY HATCH, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

      Respondents.

# ORDER GRANTING STAY OF FEDERAL ACTION PENDING COMPLETE EXHAUSTION OF STATE POST-CONVICTION PROCEEDINGS

THIS MATTER is before the Court on Paul Johnson's self-styled petition seeking habeas relief under 28 U.S.C. § 2254. In it, he advises that he is presently pursuing other claims in the state court. Apparently, he intends to later add these claims to the federal petition. The number and type of unexhausted claims are not specified, but do include claims of ineffective assistance of counsel. Johnson filed the federal petition early because of the time it took to secure documents he lost in a prison transfer before initiating the state proceedings and his concern about the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because some of his claims are unexhausted, Petitioner asks this Court to employ "the 'stay and abeyance' procedure" until he fully exhausts. *See Doc. 1* at

3-5.

Also pending is Respondents' motion asking for a ninety-day extension in which to file their answer.  The motion does not comment on the merits of Petitioner's request for a stay, but does recognize the ongoing state proceedings.  Furthermore, the extension "is sought to allow Petitioner the opportunity to exhaust all available state court remedies."  *Doc. 8* at 5. Respondents further contemplate that ninety days may not be sufficient to complete exhaustion, and so, propose that  "[a]t the end of the ninety (90) day extension period, Respondents will submit an answer or a status report advising this Court about the status of the state habeas corpus court proceedings."  *Id.*  In light of these quoted portions from their motion, I do not believe Respondents object to a stay of the federal proceedings until exhaustion is completed.

In its *Rhines* decision, the Supreme Court recognized that potential timeliness problems can occur when a federal court is presented with a "mixed petition" challenging a state conviction, but must still honor the comity-based "total exhaustion" rule.  *See Rhines v. Weber,* 544 U.S. 269, 273-76 (2005) (citing, among other cases, *Duncan v. Walker,* 533 U.S. 167 (2001) (federal proceedings do not toll the AEDPA statute of limitations), and *Slack v. McDaniel,* 529 U.S. 473 (2000) (remedy for mixed petition is dismissal without prejudice to allow prisoner to return to federal court afer exhaustion of state remedies), and *Rose v. Lundy,* 455 U.S. 509 (1982) (federal habeas petitions containing exhausted and unexhausted claims are "mixed" and cannot be adjudicated by federal habeas court for comity reasons)).  Plainly, Petitioner filed in this Court as a "protective" measure.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) ("a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred.  [To] avoid this predicament [a petitioner can file] a 'protective' petition in

federal court and asking the federal court to stay and abey the federal habeas proceedings until

state remedies are exhausted."). Thus, even though he did not identify all of his unexhausted

claims, construing the federal petition liberally, I consider it to be "mixed" under *Rhines. See,

e.g, Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (*pro se* pleadings construed liberally);

*Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1311 (10th Cir. 2010) (same), *petition for cert. filed

7/28/10.*

It is not possible for this Court to conclusively resolve any statute of limitations

calculations from the present record,[1] and a "petitioner's reasonable confusion about whether a

state filing would be timely will ordinarily constitute 'good cause' for him to file in federal

court." *Pace,* 544 U.S. at 416   Although I also cannot evaluate whether Petitioner's

"unexhausted claims are potentially meritorious," there is "no indication that [he] engaged in

intentionally dilatory tactics." *Rhines,* 544 U.S. at 278.  I therefore find that Petitioner's

reasonable confusion about timeliness and lack of intentional delaying tactics are sufficient

grounds to grant a stay under *Rhines,* particularly where Respondents also want the state

proceedings to be completed first.  *See Rhines,* 544 U.S. at 277-78 (highlighting factors to

consider in whether stay appropriate); *see also, e.g., Fairchild v. Workman,* 579 F.3d 1134,

1152-55 (10th Cir. 2009) (review of *Rhines* requirements for stay).

---

[1]  According to the federal petition and the state docket sheet, in state criminal case number 2007-00625, a jury convicted Petitioner of second-degree murder and other offenses on February 3, 2009.  For reasons that are unclear, the state court entered the original judgment and sentence on June 25, 2009, but also entered a notice of a change of plea hearing on June 29, 2009.  The "guilty plea" proceedings, which may have been related to a habitual offender sentence, proceeded while the case was on direct appeal.  An amended judgment and sentence entered on January 4, 2010.  The New Mexico Court of Appeals mandate was filed in the district court on July 15, 2010.  According to Petitioner, he filed a petition for certiorari from the direct appeal on May 7, 2010, and it was denied on June 2, 2010.  Petitioner filed his state habeas petition on August 12, 2010.  It is unclear when he mailed the federal petition.  It was filed on August 11, 2010.  *See Doc. 1* at 1-3, 20, 39; *Doc. 8-1* at 14-18.

*Rhines* indicates because there are incentives for some petitioners to "drag out" federal habeas review indefinitely, to not "frustrate AEDPA's goal of finality," a federal court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 at 278. In that regard, *Rhines* cites a case that indicated a sufficient limited time would be to grant a petitioner thirty days from the date of the federal stay to invoke the state procedures, and thirty days to return to federal court after the state proceedings conclude. *Id.* (citing *Zarvela v. Artuz,* 254 F.3d 374, 381 (2nd Cir. 2001)).

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This matter is stayed until the pending state proceedings are fully exhausted;

2. No later than thirty (30) days after the state proceedings conclude, Petitioner shall file an amended federal habeas petition; he should either use the § 2254 form that the Clerk will send him (which allows him to attach additional pages if he wishes) or, at the very least, follow the format of that form;

3. Within ninety days (90) of the date the amended Petition is file-stamped, Respondents shall file their Answer and the state records, which should include, but are not limited to:  the state "record proper" for the district court and appellate proceedings; all transcripts or tapes of pretrial, trial, and post-trial proceedings (if the proceedings are taped, the Court would prefer Respondents to have them transcribed, see Rule 5(c) – "The judge may order that . . . parts of the untranscribed recordings be transcribed and furnished"); and any pretrial and trial exhibits that are particularly pertinent to resolution of the federal claims as amended;

4. Within fourteen (14) days of the date he receives Respondents' Answer, Petitioner may file any additional materials he wishes the Court to consider; at that point, the matter will be taken under advisement for a review of the merits; and

5. The Clerk forward a § 2254 form to Petitioner.

_____
UNITED STATES MAGISTRATE JUDGE